UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC RODNEY HILL,           )<br>                             )<br>       Petitioner          )<br>                             )<br> v.                          )    Civil Action No. 1:24-cv-00027 (UNA)<br>                             )<br>                             )<br> J. JAMISON,                 )<br>                             )<br>                             )<br>       Respondent.         ) | |

## MEMORANDUM OPINION

On January 4, 2024, this matter was transferred to this District from the United States District Court for the Southern District of New York. *See* Electronic Transfer of Case File, ECF No. 5. Because petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on the alleged unconstitutionality of his trial and conviction in the Superior Court for the District of Columbia, the Southern District of New York found that this District should hear petitioner's claims. *See* Transfer Order, ECF No. 4. But while Petitioner's case may now be in the right geography, he cannot obtain relief in this Court.

First, as noted by the transferring court, *see* Transfer Order at 1 n.2, petitioner, who is currently incarcerated and proceeding *pro se*, has neither submitted the $5 filing fee appliable to federal habeas actions nor, alternatively, moved to proceed *in forma pauperis* ("IFP"), *see* 28 U.S.C. § 1915. On December 19, 2023, petitioner apparently moved for an extension to file an IFP application, ECF No. 2, but that motion appears to have been administratively resolved prior to transfer because it is no longer pending before this court. Furthermore, more than a month has passed since petitioner's request for such an extension, and he has still failed to file an IFP application or otherwise comply with his financial requirements in bringing this lawsuit.

Second, even if petitioner had complied with his financial requirements, the case cannot survive. In his petition ("Pet."), ECF No. 1, petitioner challenges the constitutionality and general legitimacy of his criminal charges, proceedings, trial, legal representation at trial, and the resulting conviction and sentence. *See* Pet. at 1, 5, 7–8, 10, 14, 26–34. He demands that this court vacate his Superior Court conviction, declare his innocence, and immediately release him from custody. *See id.* at 14, 34. This court, however, generally lacks jurisdiction to review the decisions or to enjoin the actions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the D.C. Court of Appeals, a fact which petitioner seems to acknowledge. *See* Pet. at 5, 10, 17–24, 27, 32.

Moreover, D.C. Code § 23-110, in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Although petitioner vaguely claims that he could not pursue a *direct appeal*, he attaches an opinion authored by the D.C. Court of Appeals that indicates that he did, in fact, pursue such relief. *See* Pet. at 17–24.

Indeed, a petitioner may not complain that his local remedies were somehow unavailable or inadequate just because he was ultimately unsuccessful in pursuing them.  *See Garris v. Lindsay*, 794 F.2d 722, 727 n.39 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986); *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).  But, more importantly, petitioner fails entirely to address efforts that he has made, if any, in pursuit of post-conviction relief *pursuant to § 23-110*, let alone established that this statutory remedy was somehow inadequate or ineffective.

For all of these reasons, this action will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

DATE: January 29, 2024                                      /s/ CHRISTOPHER R. COOPER
                                                                            United States District Judge